**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BYRON JAMES BILBY,<br><br>  Plaintiff,<br><br>  v.<br><br>C.O.1 RICHARD HOFFMAN,<br><br>  Defendant. | CIVIL ACTION NO. 3:14-CV-02470<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a civil rights action pursuant to 42 U.S.C. § 1983, initiated upon the filing of a complaint in this matter by *pro se* prisoner-Plaintiff Byron James Bilby on December 30, 2014. (Doc. 1). Plaintiff asserts claims of excessive force and deliberate indifference under the Eighth Amendment to the United States Constitution and pendent state law claims of assault and battery against Defendant Corrections Officer Richard Hoffman. (Doc. 1, at 2). Plaintiff seeks an award of compensatory and punitive damages as well as declaratory and injunctive relief for these alleged violations of his constitutional rights. (Doc. 1). Pending before this Court is Defendant's motion to dismiss Plaintiff's claim of deliberate indifference under the Eighth Amendment, his claim for punitive damages against Defendant in his official capacity, and claims for declaratory and injunctive relief. (Doc. 13). For the reasons provided herein, it is respectfully recommended that Defendant's motion to dismiss be granted and that this matter be remanded to the undersigned for further proceedings.

I. **FACTUAL BACKGROUND**

*Pro se* Plaintiff Byron James Bilby ("Bilby"), a state prisoner currently incarcerated at State Correctional Institution—Retreat, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2014. (Doc. 1). At all times relevant to this complaint, Bilby was incarcerated at the Montour County Prison, located in Danville, Pennsylvania, while awaiting sentencing. He asserts claims against Defendant Corrections Officer Richard Hoffman ("Hoffman"), a Montour County Prison official, for excessive force and denial of medical care in violation of the Eighth Amendment to the United States Constitution. (Doc. 1, at 3). Bilby additionally asserts pendant state law claims for assault and battery against Hoffman. (Doc. 1, at 3).

Specifically, in his six-page complaint, Bilby alleges that at approximately 11:00 a.m. on November 13, 2013, after Bilby had been handcuffed by another corrections officer and had since "calmed down," and was "no longer combative," Hoffman "closed his right hand into a closed fist and punched Plaintiff in his mouth causing Plaintiff's mouth to break open . . . ." (Doc. 1, at 3). As a result of this incident, Bilby seeks compensatory and punitive damages as well as declaratory and injunctive relief. (Doc. 1, at 4).

On June 10, 2015, Hoffman filed a motion to dismiss Bilby's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 13), together with a brief in support thereof. (Doc. 14). In his motion, Hoffman seeks dismissal of Bilby's Eighth Amendment deliberate indifference claim, his request for punitive damages against Hoffman in his official capacity, and his request for declaratory and injunctive relief. (Doc. 14, at 2-3). On September 17, 2015, Plaintiff filed a brief in opposition to Defendant's motion to dismiss. (Doc.

2

17).[1] On September 21, 2015, Defendant filed a reply brief. (Doc. 18). On October 15, 2015, Plaintiff filed a sur-reply to Defendant's reply. (Doc. 19).[2] Having been fully briefed, this matter is now ripe for disposition.

II. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

---

[1] Bilby appears to make additional factual averments in his brief in opposition and attaches various exhibits to his brief in opposition that were not included with his original complaint. To the extent Bilby attempts to amend his pleading through his brief in opposition, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)). Thus, the Court has not considered these additional factual averments or additional claims to the extent Bilby has made them in his responses.

[2] Local Rule 7.7 authorizes the filing of a reply brief but stipulates that no further briefs may be filed without leave of court. *See* L.R. 7.7. Here, Bilby did not seek leave of court prior to filing a sur-reply. Nevertheless, the Court considers the arguments made in the sur-reply to the extent they clarify issues addressed in the instant motion to dismiss.

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The

Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.  DISCUSSION

#### A.  EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

Hoffman has moved to dismiss the complaint on the ground that Bilby has failed to state a deliberate indifference claim under the Eighth Amendment, as no facts have been alleged to demonstrate that Hoffman exhibited deliberate indifference to a serious medical need. (Doc. 14, at 3).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, No. 10–1486, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978) ("This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious.").

A serious medical need exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 825 (1994).

> [T]he concept of a serious medical need . . . has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences. The [inmate's] condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be 'one that has been diagnosed by a physician as

requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnt. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). The defendant must be aware of facts from which the inference could be drawn that a substantial harm exists, and he also must draw the inference. *Farmer*, 511 U.S. at 837. The test for whether a prison official acted with deliberate indifference is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 841. Only egregious acts or omissions can violate this standard. *See White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990). Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Dep't of Corr.*, No. 10–0050, 2011 WL 4830787, at *11 (M.D. Pa. Oct.12, 2011). However, "[m]ere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. Appx. 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

Judged against the foregoing principles, the complaint is devoid of factual allegations supporting a cognizable Eighth Amendment deliberate indifference claim. Bilby baldly asserts that Hoffman denied him medical care and treatment for bleeding caused by a "tooth penetrating Plaintiff's upper lip on the left side of Plaintiff's mouth," which resulted from being

6

punched in the mouth. (Doc. 1, at 3). However, Bilby's injury, consisting of a cut lip, does not rise to the level of a serious medical need. *See Gray v. Wakefield*, No. 3:09-CV-0979, 2012 WL 4509752, at *6 (M.D. Pa. Sept. 28, 2012) ("Plaintiff informed Defendant Brown that his fingers might be broken and he had cuts, bruises, and bleeding in his mouth and teeth; however, the courts have repeatedly determined that such injuries do not constitute a serious medical need.") (citing *Cidone v. Blume*, No. 1:CV-07-01889, 2011 WL 2448010, at *6 (M.D. Pa. June 16, 2011) ("Standing alone, the court cannot say that [a cut on plaintiff's lip, a black eye, and nose injury] constitute a serious medical need."); *Banks v. Beard,* Civ. No. 2:03–CV–659, 2006 WL 2192015, at *13 (W.D. Pa. Aug.1, 2006) ("Injuries such as cuts, scrapes, scratches, bruises and a swollen black eye simply do not in themselves reflect trauma that necessarily calls for immediate medical treatment from a physician.")); *see also Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (noting that split lip and a swollen cheek do not rise to the level of an objectively serious medical need). Furthermore, even assuming, *arguendo*, that a bloody lip is a serious medical condition, the complaint lacks sufficient allegations that Hoffman was deliberately indifferent to such a condition, as Bilby does not allege facts showing that Hoffman: (1) denied Bilby's reasonable request for medical treatment; (2) delayed necessary medical treatment based on a non-medical reason; or (3) somehow prevented Bilby from receiving treatment. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

     As Bilby has failed to allege facts demonstrating that he suffered from an objectively serious medical need, or that Hoffman was deliberately indifferent to that need, it is recommended that Defendant's motion to dismiss be granted, and that Bilby's Eighth Amendment deliberate indifference claim be dismissed from the instant action.

B. CLAIM FOR PUNITIVE DAMAGES AGAINST HOFFMAN IN HIS OFFICIAL CAPACITY

Hoffman moves to dismiss Bilby's claim for punitive damages against him in his official capacity. (Doc. 14, at 5).

It is well established that municipal entities are immune from punitive damage awards in a civil rights action brought under § 1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Bolden v. S.E. Pa. Transp. Auth.,* 953 F.2d 807, 830 (3d Cir. 1991) (holding municipalities immune from punitive damages under § 1983). It is also beyond cavil that a suit against an individual municipal employee in his or her official capacity is the functional equivalent of a suit against the municipality. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Consequently, since a suit against a municipal employee in his official capacity is merely a suit against the municipality itself, punitive damages cannot be recovered against a municipal defendant sued in his official capacity, as any punitive damage award would be collected from the municipality, which is likewise barred. *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 255 (M.D. Pa. 2009) ("It is well established that punitive damages cannot be recovered against municipalities or individual employees acting in their official capacities.").

Accordingly, to the extent Bilby asserts a claim for punitive damages against Hoffman in his official capacity, such a claim fails as a matter of law and must be dismissed, as Supreme Court precedent is clear that punitive damages cannot be recovered from a municipal defendant in his official capacity.

C. CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Hoffman additionally seeks dismissal of Bilby's claims for declaratory and injunctive

relief. (Doc. 14, at 6).

"[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive and declaratory relief. *Sutton*, 323 F.3d at 248; *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981). Such claims are not mooted when "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton*, 323 F.3d at 248 (alteration and internal quotation marks omitted). A prisoner's claim for damages is not mooted by a transfer. *Sutton*, 323 F.3d at 249; *Allah v. Seiverling*, 229 F.3d 220, 222 n.2 (3d Cir. 2000); *Weaver*, 650 F.2d at 27 n.13.

At the time of the events giving rise to this action, Bilby was incarcerated at the Montour County Prison, awaiting sentencing. Bilby was subsequently transferred to SCI-Retreat, where he is currently incarcerated. Thus, with respect to Defendant Hoffman, who is a Montour County Prison official, Bilby's claims for declaratory and injunctive relief are clearly moot.

Accordingly, it is recommended that Hoffman's motion to dismiss be granted and Bilby's claims for declaratory and injunctive relief be dismissed as moot.

IV. **LEAVE TO AMEND**

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint filed *pro se* is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108 (3d Cir. 2002). Here, however, it is clear that amendment of the complaint would be futile with respect to Plaintiff's following claims: for punitive damages against Hoffman in his official capacity; for declaratory and injunctive relief; and for deliberate indifference under the Eighth Amendment, as his alleged injury simply does not rise to the level of a constitutional violation. Accordingly, it is recommended that Plaintiff not be granted further leave to amend his complaint with respect to these claims.

V. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 13), be **GRANTED**; and
2. The matter be remanded to the undersigned for further proceedings.

BY THE COURT:

**Dated: January 27, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON JAMES BILBY, | |
| Plaintiff, | CIVIL ACTION NO. 3:14-CV-02470 |
| v. | (CAPUTO, J.) |
| C.O.1 RICHARD HOFFMAN, | (MEHALCHICK, M.J.) |
| Defendant. | |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 27, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 27, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**